PHILIP NOSCA, PLAINTIFF-RESPONDENT, v. QUEEN CITY
SAVINGS & LOAN ASSOCIATION, INC., A NEW JERSEY
CORPORATION, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 28, 1972—Decided February 7, 1973.

Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.

*Messrs. Graham, Yurasko, Golden & Lintner,* attorneys for defendant-appellant *(Mr. Jack L. Lintner,* on the brief).

*Mr. D. Joseph Mone,* attorney for plaintiff-respondent.

PER CURIAM. Defendant Queen City Savings & Loan Association, Inc. appeals from a judgment as to liability in favor of plaintiff and from the denial of its motion for a new trial. The case was tried without a jury and, based upon the court's finding as to liability, a consent judgment in the sum of $2,250 was entered.

Plaintiff Philip Nosca, a deliveryman employed by United Parcel Service, sued for injuries sustained when he collided with a set of glass doors in defendant's savings and loan office. He testified he entered the premises of defendant to deliver two large packages. There were two sets of substantially identical doors leading from the sidewalk through a vestibule into the office. The first set of doors was closed when plaintiff entered and he opened them by pushing with his back. He then walked through the second set of doors, both of which, he testified, were then open. After he had obtained a receipt for his parcels and while he was checking it as to legibility as he was walking out, he collided with the second set of doors — which were closed.

To the extent here relevant the trial judge found "that the plaintiff was in the building approximately two and a half to three minutes and that during that period of time the doors were closed, placing a barrier in his path as he turned to leave the premises." He further found that "insofar as that particular plaintiff or individual is concerned, a dangerous condition was created in the premises of the defendant that should have reasonably been observed and cared for by the defendant." He therefor found defendant negligent and plaintiff free from contributory negligence.

██ Defendant first urges that the only duty of care owing by it was that which would have been owing to a licensee on the premises. We disagree. Plaintiff occupied the status of a business invitee towards whom the duty of reasonable care was owing. *Gaglione v. J. S. Coffin, Jr., Co.,* 137 *N. J. L.* 303 (Sup. Ct. 1948); *Eggert v. Mutual Grocery Co.,* 111 *N. J. L.* 502 (E. & A. 1933); *cf. Handleman v. Cox,* 39 *N. J.* 95 (1963).

██ It was necessary that plaintiff establish that defendant was negligent either in the design of the doors or the manner in which they were operated. There was no evidence to sustain a finding that the doors as installed violated any safety standard. They were composed of two sections of plate glass hinged at their outside edges and coming together in the middle. Each door had a metal top and bottom approximately four inches in width and each was equipped with a separate large opaque push plate on each side, at the place where the doors joined. When the doors were closed the two push plates presented an opaque projecting circular surface having a diameter of approximately 12 to 15 inches.

The case of *Giordano v. Mariano,* 112 *N. J. Super.* 311 (App. Div. 1970), on which plaintiff principally relies, is clearly distinguishable. In that case the court was dealing with an infant guest who, upon being summoned into the house after dark from an unlighted patio, collided with a sliding glass door composed of clear glass, easily mistaken

for ·an open space. Here the plaintiff was familiar with the premises and collided with a door, marked as above, during daylight hours.

As we read the oral opinion of the trial judge we are convinced that the finding of negligence was not predicated upon the design of the door but upon the fact that "a dangerous condition was created" *as to plaintiff* when the doors were closed after he had entered the premises, and that this condition "should have reasonably been observed and cared for by the defendant."

Counsel cites no case, and we know of none, in which this theory of liability has been extended to a set of doors, so as to impose an obligation on an occupier of notifying a person passing through a door used by the public, which happens to be open when he enters, that the door has been thereafter closed. *Cropanese v. Martinez*, 35 *N. J. Super.* 118 (App. Div. 1955), is clearly inapposite, as is likewise *Taneian v. Meghrigian*, 15 *N. J.* 267 (1954). We hold that there was no obligation on defendant's part to notify plaintiff, as he was leaving, that the doors were in a closed position in the absence of some indication that they constituted a hazard. The situation here is to be distinguished from one in which a device necessary to safety on which an invitee has a right to rely (such as a ladder) is removed without notice to him. Since there was no breach of duty on defendant's part, judgment should have been entered in its favor.

By reason of the foregoing we find it unnecessary to consider whether the finding that plaintiff was free of contributory negligence was vitiated by his failure to observe the presence of the closed doors as he approached them while his attention was directed to the delivery receipt he was holding.

Reversed and remanded for the entry of judgment for defendant.